UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BRYAN S. BLEVINS, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) ) ) |  |  |
| v. | ) ) | No.: | 3:25-CV-35-DCLC-DCP |
| AARON WHITE, | ) ) ) |  |  |
| Defendant. | ) |  |  |

## MEMORANDUM & ORDER

Plaintiff Bryan S. Blevins, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently housed at the Northeast Correctional Complex, filed a complaint under 42 U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], a "Motion for Removal of Causes" [Doc. 3], and a "Request for Tolling[/]Motion for Enlargement of Time" [Doc. 4]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed as a pauper, **DENIES** the remaining motions, and **DISMISSES** Plaintiff's complaint as frivolous.

### I.    PLAINTIFF'S MOTIONS

#### A.    Motion to Proceed *In Forma Pauperis*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion [Doc. 1] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion [*Id.*] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite

130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

B. "Motion for Removal of Causes"

Plaintiff filed a negligence claim with the Tennessee Claims Commission in February 2024 [Doc. 2 p. 12–13].  In his "Motion for Removal of Causes[,]" Plaintiff asks the Court to transfer that case to this Court, maintaining that he "only recently discovered that the Commission lacks [j]urisdiction in this case" [Doc. 3].  But the federal removal statute permits "the defendant or the defendants" in a State-court civil action to remove an action.  *See* 28 U.S.C. § 1441(a).  Plaintiff initiated proceedings with the Tennessee Claims Commission, and he is bound by his choice of forum.  Accordingly, Plaintiff's "Motion for Removal of Causes" [Doc. 3] is **DENIED**.

C. "Request for Tolling[/]Motion for Enlargement of Time"

In this Motion, Plaintiff asks the Court to waive the one-year statute of limitations applicable to § 1983 actions, as he has "waited to file" in order "to have as much evidence as possible to send to" the Court [Doc. 4].  But, as explained below, Plaintiff's complaint is frivolous and, therefore, fails as a matter of law.  Accordingly, this Motion [*Id.*] is **DENIED**.

II. PLAINTIFF'S COMPLAINT

A. Screening Standard

2

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim against Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that Defendant was a "person" acting "under color of" state law who deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

3

B.     **Plaintiff's Allegations**

On December 13, 2023, Plaintiff was moved from Unit 3 (a solitary confinement unit) to Unit 6 (a two-man cell) by Sergeant Aaron White [Doc. 2 p. 2, 6, 17]. When Plaintiff saw "who [his] cellmate was supposed to be[,]" he went to Sergeant White and questioned the decision [*Id.* at 6]. Plaintiff and his new cellmate then went to another officer and filled out change-of-cell forms, which they took to Sergeant White [*Id.*]. Sergeant White "state he would 'file away' the forms" [*Id.*]. In response, Plaintiff's new cellmate stated, "Ok[,] I'm gonna have the last laugh tonight" [*Id.*]. At approximately 8:00 p.m. that evening, Plaintiff's cellmate "tried to kill" him because of Plaintiff's charge [*Id.*].

As a result of the attack, "a code blue was called" due to Plaintiff's lack of a pulse, and he sustained numerous spinal, nerve, and other injuries [*Id.* at 6, 7]. Plaintiff received eighteen staples in his neck due to a twelve-inch laceration [*Id.* at 6]. After three days in the hospital, Plaintiff was placed in the medical unit for ten days before he was moved back to Unit 3 [*Id.* at 17]. He now has nightmares and PTSD [*Id.* at 7].

Aggrieved, Plaintiff filed the instant action against Sergeant Aaron White in his individual capacity, seeking $800,000 in damages [*Id.* at 2, 7].

C.     **Analysis**

Plaintiff admits that he previously brought another lawsuit with the same allegations levied in this action [Doc. 2 p. 12]. That action was dismissed without prejudice for failure to state a claim upon which relief may be granted. *Blevins v. Ellers*, No. 3:24-cv-111 (E.D. Tenn. June 11, 2024).[1] Therefore, the doctrine of res judicata informs the resolution of the instant case. Res judicata

---

[1] The Court may take judicial notice of its own records. *See* Fed. R. Evid. 201(b)(2); *United States v. Doss*, 563 F.2d 265, 269 n. 2 (6th Cir. 1977).

applies when: (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine prevents "the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981).

Plaintiff's prior suit involved the same occurrence, Sergeant White was a defendant in that action, and the case was dismissed on its merits [*See, e.g.,* Docs. 12, 13 in No. 3:24-cv-111]. Therefore, the Court finds that the doctrine of res judicata prevents Plaintiff from relitigating his claims in this action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) (noting that dismissal for failure to state a claim upon which relief may be granted qualifies as a decision on the merits); *Allen*, 449 U.S. at 94 (holding party cannot relitigate essential issues that were adjudicated in a prior case involving a party to that case). Therefore, Plaintiff's complaint is legally frivolous.

Additionally, Plaintiff's complaint is untimely. Tennessee's one-year statute of limitations for personal injury actions is applicable to Plaintiff's § 1983 claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Tenn. Code Ann*. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action

is complete, *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

The injuries forming the basis of Plaintiff's claims were discoverable and complete by the time he was released from the hospital following the alleged attack in December 2023. However, Plaintiff did not file the instant suit until, at earliest, when he signed it on January 21, 2025 [Doc. 2 p. 15]. Plaintiff concedes that his complaint is filed outside the statute of limitations [Doc. 4]. But he argues it should be waived, as he "waited to file" in order "to have as much evidence as possible" because (1) the district attorney refused him evidence; (2) the grievance chairperson refused to send him copies of his grievance related to this case; (3) he was in solitary confinement with limited access to legal materials; and (4) "there's possible signs of evidence and witness tampering" in this case [*Id.* at 1–2].

State law governs whether the limitations period should be tolled, insofar as the provisions are consistent with federal law. See *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) ("Not only the length of the limitations period, but also 'closely related questions of tolling and application' thus are 'governed by state law.'" (quoting *Wilson v. Garcia*, 471 U.S. 261, 269 (1985))). But the Tennessee Supreme Court has recognized that Tennessee law lacks a provision for equitable tolling. *See Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012) ("[U]nlike other state courts and the federal courts, [Tennessee courts] have declined to recognize the doctrine of equitable tolling in civil cases."). Accordingly, the Court applies federal equitable tolling principles here.

Equitable tolling is available where a plaintiff demonstrates "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

6

timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To determine whether equitable tolling is appropriate, courts may consider the following factors:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement.

*Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

The Court finds that tolling is not appropriate here. Plaintiff does not allege that he lacked notice of the filing requirement, and, in fact he previously filed a substantially similar civil action that was dismissed for failure to state a claim. Accordingly, the instant action is untimely, and this case will be dismissed as frivolous. *See In re Royal Manor Mgmt., Inc.*, 652 F. App'x 330, 339–40 (6th Cir. 2016) (noting that "courts have no authority" to modify "statute-of-limitations deadlines"); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.") (citation omitted).

### III.  CONCLUSION

Above, the Court:

1.  **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1]; **ASSESSED** the civil filing fee of $350.00; and **DIRECTED** the custodian of inmate accounts to submit the filing fee to the Clerk in the manner set forth above; and

2.  **DENIED** Plaintiff's remaining Motions [Docs. 3, 4].

Additionally, for the reasons articulated above:

1.  This action will be **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

7

2. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**ENTER:**

> s/Clifton L. Corker
> United States District Judge